**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SHERRY SEITZINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | Case No. 17-cv-06122-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND IN PART**<br><br>[Re: ECF 15] |

This action involves purported unlawful conduct by a loan servicer in relation to a loan modification review. The action was initiated in state court and removed to this District based on diversity jurisdiction. Notice of Removal, ECF 1. Defendant Select Portfolio Servicing, Inc. ("SPS") filed a motion to dismiss the complaint brought by Plaintiff Sherry Seitzinger. Mot., ECF 15. The Court attempted to hold a hearing on SPS' motion to dismiss on April 19, 2018. However, counsel for Seitzinger failed to appear. *See* ECF 29.

Pursuant to Civil Local Rule 7-1(b), the Court takes this matter under submission without oral argument. For the reasons discussed below, SPS' motion to dismiss the complaint is GRANTED WITH LEAVE TO AMEND IN PART.

**I.    BACKGROUND**

For purposes of considering this motion, the Court deems facts pled in the complaint to be true. Conclusory allegations, however, "are not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007)).

Seitzinger lives at 7392 Crews Road, Gilroy, CA 95020 (the "Subject Property"). *See* Compl. ¶ 1 (Ex. A to Notice of Removal), ECF 1. Around July 19, 1995, Seitzinger obtained a loan in the amount of $ 282,000 to purchase her home. *Id.* ¶ 10. In April 2013, an assignment of

1   deed of trust was recorded to transfer the interest under the deed of trust to JP Morgan Chase
2   Bank, N.A. *Id.* ¶ 12. Over the years, Seitzinger struggled to make her loan payments. *Id.* ¶ 16.
3   Around June 18, 2013, Adriann Thompson, an agent of NBS Default Services, LLC recorded a
4   Notice of Default and Election to Sell under Deed of Trust. *Id.* ¶ 21. Around July 15, 2016, Kim
5   Croker, an agent of NBS Default Services, LLC recorded a Notice of Trustee's Sale. *Id.* ¶ 22.

While the exact timing is unclear, Seitzinger contacted SPS about receiving a loan modification. *Id.* ¶ 17. According to the complaint, Seitzinger followed all instructions provided by SPS and submitted all documents in a timely manner, but SPS lost documents and failed to confirm receipt when she resubmitted her application. *Id.* ¶ 18. At one point, SPS informed Seitzinger that her application was complete but later stated that the application had been cancelled for missing documents. *Id.* ¶ 19. The delay in reviewing Seitzinger's application worsened her position with respect to her loan payments. *See id.*

Based on the above allegations, the complaint asserts four causes of action: (1) violation of California Homeowner Bill of Rights ("HBOR"); (2) violation of California Business and Professions Code § 17200 ("UCL"); (3) breach of the covenant of good faith and fair dealing; and (4) negligence.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. REQUEST FOR JUDICIAL NOTICE

In connection with its motion to dismiss, SPS has filed a request for judicial notice of (1) documents related to Deeds of Trust for the property at issue, recorded in the official records of the County of Santa Clara recorder's office, (2) Notice of Default and several Notices of Trustee's Sale, recorded in the official records of the County of Santa Clara recorder's office, (3) court filings in the U.S. Bankruptcy Court for the Northern District of California (Case No. 13-55417) and (4) court filings in U.S. District Court for the Northern District of California (Case No. 13-05818-LHK). *See* ECF 16. These documents are properly subject to judicial notice because they are either incorporated by reference into the complaint or they are official public records. *See* Fed. R. Evid. 201(b)(2); *see also Gamboa v. Trustee Corps & Cent. Mortgage Loan Servicing Co.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust because "[t]hese documents are central to Plaintiffs' allegations that Defendants were not entitled to initiate a foreclosure sale of their property. These documents are also part of the public record and are easily verifiable."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings and other matters of public record). Accordingly, SPS' request for judicial notice is GRANTED.

## IV. DISCUSSION

The Court now turns to SPS' motion to dismiss each claim asserted in the complaint under Rule 12(b)(6). For the reasons that follow, SPS' motion to dismiss the complaint is GRANTED with leave to amend in part.

### A. First Cause of Action: HBOR

The first cause of action asserts violations of California's Homeowner Bill of Rights ("HBOR"). Compl. ¶¶ 30–41. Seitzinger alleges that "Defendants blatant[ly] violat[ed] . . . the requirements of California Civil Codes §§ 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, 2924.11, and

3

2924.12." *Id.* ¶ 29. Specifically, Seitzinger alleges that "Defendants continued the foreclosure process while claiming" that her loan modification application was under review in violation of § 2924.18. *Id.* ¶ 34. According to the complaint, "Defendants assured Plaintiff that her complete loan modification application had been received and was in review," and during this time, Seitzinger "received both a Notice of Default and multiple Notices of Trustee's Sale." *Id.*

SPS argues that Seitzinger fails to state a HBOR claim for various reasons. For example, SPS contends that (1) judicially noticeable documents show that Seitzinger appears to have purchased the Subject Property based on a different loan not alleged in the complaint and that (2) the complaint does not allege when any single point of contact was requested. Mot. 12–13. SPS also argues that the complaint does not plead any "material" violations under HBOR. *Id.* at 15–16.

Indeed, as SPS contends, the complaint's HBOR allegations contain numerous problems. First, while the complaint alleges that 7392 Crews Road, Gilroy, CA 95020 is the Subject Property (Compl. ¶ 1), Seitzinger argues that she resides at 2962 Copa de Oro Drive, Los Alamitos, CA, 90720 in her opposition (Opp'n 2, ECF 18). The Court is puzzled by Seitzinger's argument. The complaint alleges that she obtained a loan to buy the property in Santa Clara County, but now she represents that she purchased a property in Los Alamitos in Orange County, CA with the loan. Thus, it is unclear where Seitzinger resides and which subject property is at issue.

Second, the majority of the complaint's allegations refer to the conduct of "Defendants." For instance, the complaint alleges that "*Defendants* blatant[ly] violat[ed] . . . the requirements of California Civil Codes §§ 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, 2924.11, and 2924.12." Compl. ¶ 29 (emphasis added). However, SPS is the only defendant in this case. Given that the complaint alleges conduct of another loan servicer, NBS Default Services, LLC, the Court is unable to determine if any purported actions by "Defendants" were carried out by SPS or by another entity. Hence, the complaint fails to give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, the complaint fails to satisfy the standard set forth in *Twombly*. Any amendment should clearly separate out SPS's conduct as opposed to that of other entities who are

4

not parties to this case.

Third, the complaint merely lists a number of sections in the California Civil Code and alleges that "Defendants" violated those sections. Compl. ¶ 29 (citing California Civil Code §§ 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, 2924.11, and 2924.12). To the extent that Seitzinger alleges that SPS violated those sections, simply listing the statute is a conclusory allegation. *Iqbal*, 556 U.S. at 681 (holding that conclusory statements are "not entitled to be assumed true"). Any amendment should clearly set forth factual allegations that support violations with respect to the specific statute that was purportedly violated.

Although the complaint contains some specific allegations with reference to certain sections of HBOR, the complaint's allegations are deficient to state a HBOR claim. Seitzinger asserts that "Defendants" violated "dual tracking" laws by continuing the foreclosure process while her loan modification was under review in violation of California Civil Code § 2924.18. Compl. ¶¶ 33–34. Section 2924.18 bars mortgage servicers from recording a notice of default or notice of sale, or conducting a trustee's sale, "while [a] complete first lien loan modification application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested loan modification." Cal. Civ. Code § 2924.18 (2017). Hence, to adequately plead a claim under dual tracking, the complaint must allege that SPS recorded a notice of default or notice of sale, or conducted a trustee's sale. But the complaint fails to allege that SPS has done so. Instead, the complaint pleads only that NBS Default Services, LLC recorded a notice of default in 2013 and a notice of trustee's sale in 2016. Compl. ¶¶ 21–22.

Seitzinger also alleges that she requested the documents listed in California Civil Code § 2923.55(b)(1)(B) but did not receive them.[1] Compl. ¶¶ 39–40. But this allegation does not

---

[1] The documents listed in § 2923.55(b)(1)(B) are:
(i) a copy of the borrower's promissory note or other evidence of indebtedness;
(ii) a copy of the borrower's deed of trust or mortgage;
(iii) a copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose; and
(iv) a copy of the borrower's payment history since the borrower was last less than 60 days past due.
Cal. Civ. Code § 2923.55(b)(1)(B)(i)–(iv) (2017).

5

support a violation of § 2923.55 because subsection § 2923.55(b)(1)(B) "does not require mortgage services actually to supply the documents; it requires only that the mortgage servicer provide '[a] statement that the borrower may request' them." *Asturias v. Nationstar Mortg. LLC*, No. 15-CV-03861-RS, 2016 WL 1610963, at *4 (N.D. Cal. Apr. 22, 2016) (citing § 2923.55(a)–(b)).

In her opposition, the only argument that Seitzinger raises for her HBOR claim is that SPS' purported failure to provide a single point of contact under § 2923.7 caused undue delays in the processing of her application. Opp'n 5. Section 2923.7 provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a 'single point of contact' and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). A single point of contact ("SPOC") is defined as "an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described" in the statute. Cal. Civ. Code § 2923.7(e).

Here, Seitzinger's allegation that "[d]espite Plaintiff's request for assistance with an alternative to foreclosure, the numerous representatives at SPS with whom Plaintiff spoke were unable and/or unwilling to help" (Compl. ¶ 36) is insufficient to plead a cause of action under § 2923.7. By definition a single point of contact could be a team of personnel of SPS. Cal. Civ. Code § 2923.7(e). Hence, the mere allegation that Seitzinger spoke with numerous representatives is inadequate to plead that she was never assigned a single point of contact.

As a final point, while the complaint appears to paraphrase § 2923.6(f) (*see* Compl. ¶37), it does not allege how that section was violated.

For the above reasons, Seitzinger's allegations are insufficient to plead a HBOR claim. Hence, SPS' motion to dismiss the first cause of action is GRANTED WITH LEAVE TO AMEND. If Seitzinger amends her first cause of action, the amended complaint shall clearly point out which sections under HBOR were violated by SPS rather than listing sections of HBOR.

**B.   Second Cause of Action: UCL**

Under the second cause of action, Seitzinger alleges violation of California Business and Professions Code § 17200, the Unfair Competition Law ("UCL"). To state a claim under the

UCL, Seitzinger must allege that SPS engaged in an "unlawful, unfair or fraudulent business act or practice" as a result of which she suffered an "injury in fact" and "lost money or property as a result of the unfair competition." *See* Bus. & Prof. Code § 17204; *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (Ct. App. 2008), *as modified* (Jan. 28, 2008). Despite this requirement, nowhere in the complaint does Seitzinger allege that she spent any money or lost property value in non-conclusory terms. While Seitzinger alleges that she suffered damages "in the amount of foreclosure fees and costs . . . added to [her] loan[] in an amount to be proven at trial" (Compl. ¶ 47), such statements are conclusory and are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Nor has Seitzinger sufficiently pled injury *caused* by SPS' conduct as opposed to action by other entities. Therefore, Seitzinger has failed to allege standing that is required to plead a UCL claim.

Seitzinger argues that her injury includes "loss of equity in her home by growing amounts of delinquent interest, declining property value and late fees, costs and expenses related to protecting themselves, fees and costs, including but not limited to, attorney's fees and costs and higher cost of obtaining credit due to the deterioration of her credit score." Opp'n 5. From what the Court can decipher from this list, these alleged repercussions do not confer standing under the UCL. *Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011) (holding that legal expenses do not confer standing under the UCL, concluding that "[u]nder Plaintiff's reasoning, a private plaintiff bringing a UCL claim automatically would have standing merely by filing suit."). Seitzinger fails to cite to any authority establishing that these losses are sufficient. Also, the purported legal expenses are not pled in the complaint. Thus, the Court rejects Seitzinger's argument.

Moreover, Seitzinger has not adequately pled that SPS engaged in an "unlawful, unfair or fraudulent business act or practice." As discussed throughout this order, the complaint does not sufficiently plead that SPS engaged in unlawful conduct. Insofar as Seitzinger alleges that SPS engaged in fraudulent behavior, her allegations do not satisfy Federal Rule of Civil Procedure Rule 9(b)'s heightened pleading requirements. *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1073 (N.D. Cal. 2012).

7

For the foregoing reasons, SPS's motion to dismiss the second cause of action based on a violation of the UCL is GRANTED WITH LEAVE TO AMEND.

### C. Third Cause of Action: Breach of the Covenant of Good Faith and Fair Dealing

Seitzinger alleges a breach of the covenant of good faith and fair dealing under the third cause of action. Compl. ¶¶ 51–53. The complaint pleads that "[b]y virtue of Defendants acts and practices, primarily in failing to abide by their own guidelines, as well as state requirements, in offering or accepting Plaintiff's alternatives to foreclosure, Defendants have breached their covenant of good faith and fair dealing." Compl. ¶ 52.

California law "implies in every contract . . . a covenant of good faith and fair dealing," *Alameda Cty. Flood Control v. Dep't of Water Res.*, 152 Cal. Rptr. 3d 845, 876 (Cal. Ct. App. 2013). However, "[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract." *Pasadena Live, LLC v. City of Pasadena*, 8 Cal. Rptr. 3d 233, 237 (Cal. Ct. App. 2004) (emphasis in original). Here, the complaint does not allege that a contract was breached, let alone identify any express terms of the contract. Therefore, Seitzinger has failed to plead a claim for a breach of the covenant of good faith and fair dealing.

Accordingly, SPS' motion to dismiss the third cause of action is GRANTED WITH LEAVE TO AMEND.

### D. Fourth Cause of Action: Negligence

The fourth cause of action asserts a common law negligence claim. Compl. ¶¶ 54–60. In California, a plaintiff must allege the following elements to state a claim for negligence: "'(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries.'" *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014) (quoting *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 62 (2013)). Here, the complaint alleges that "Defendants owed Plaintiff a duty of care in offering Plaintiff[] loan assistance." Compl. ¶ 56. However, as discussed below, the Court concludes that Seitzinger fails to state a negligence claim based on her loan modification review.

In California, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). However, that general rule is not determinative in every case. *Rossetta v. CitiMortgage, Inc.*, 18 Cal. App. 5th 628, 637 (Ct. App. 2017). To determine whether a duty of care exists in a particular case, California courts balance the factors set forth in *Biakanja v. Irving* (1958) 49 Cal. 2d 647 (1958). *Id.* Those factors are: (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. *Biakanja*, 49 Cal. 2d at 650.

"California courts of appeal have not settled on a uniform application of the *Biakanja* factors in cases that involve a loan modification." *Rosetta*, 18 Cal. App. 5th at 637–38. "Although lenders have no duty to offer or approve a loan modification, courts are divided on the question of whether accepting documents for a loan modification is within the scope of a lender's conventional role as a mere lender of money, or whether, and under what circumstances, it can give rise to a duty of care with respect to the processing of the loan modification application." *Id.* (internal citations omitted). Some courts have followed *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 67 (Ct. App. 2013), and its progeny to decide that under the *Biakanja* factors a loan servicer does not owe a home mortgagee a common law duty of care in the processing of a loan modification application. Other courts have instead followed *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (Ct. App. 2014), and its progeny in deciding that a common law duty of care in the loan modification process does arise under application of the *Biakanja* factors. California appellate courts and federal district courts within the Ninth Circuit appear to be split relatively evenly on this question. *See Rosetta*, 18 Cal. App. 5th at 638–39 (collecting cases).

To the extent it has addressed the question, the Ninth Circuit has concluded that "application of the *Biakanja* factors does not support imposition of such a duty." *Anderson v.*

9

*Deutsche Bank Nat. Tr. Co. Americas*, 649 F. App'x 550, 552 (9th Cir. 2016) (no duty of care where the borrower's negligence claim is based on allegation of delay in the processing of loan modification application); *see also Badame v. J.P. Morgan Chase Bank, N.A.*, 641 F. App'x 707, 709-10 (9th Cir. 2016) ("Chase did not owe Plaintiffs a duty of care when considering their loan modification application because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.'") (quoting *Lueras*, 221 Cal. App. 4th at 67); *Deschaine v. IndyMac Mortg. Servs.*, 617 F. App'x 690, 693 (9th Cir. 2015) ("IndyMac owed no duty of care to Deschaine when considering his request for a loan modification, because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.'") (quoting *Lueras*, 221 Cal. App. 4th at 67).

This Court finds the *Lueras* line of cases to be more persuasive and therefore concludes that, were it to address the issue, the California Supreme Court most likely would find that a mortgage servicer does not owe a borrower a duty of care in processing an application for a residential loan modification. *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 865 (9th Cir. 1996) (holding that in the absence of the state's highest court decision on state law, "a federal court must predict how the highest state court would decide the issue" (citation omitted)). In particular, this Court is not persuaded that the California Supreme Court would find that the foreseeability of harm, closeness of connection, moral blame, or other *Biakanja* factors give rise to a common law duty. "Harm to the borrower as a result of an extended review period, while foreseeable, is neither certain nor primarily attributable to the lender's delay in the processing of the application." *Anderson*, 649 Fed. App'x at 552. Where modification is necessary because the borrower cannot repay the loan, the borrower's harm is not closely connected with the lender's conduct, and the lender is not morally culpable. *See id.* The Court therefore concludes that the California Supreme Court would find cases involving applications for residential loan modification to fall within the general rule that financial institutions do not owe borrowers a common law duty of care. Hence, Seitzinger's negligence claim fails.

Accordingly, SPS' motion to dismiss the fourth cause of action is GRANTED WITHOUT

LEAVE TO AMEND. Seitzinger's negligence claim based on her loan modification review cannot be cured by an amendment.

## V. CONCLUSION

(1) The motion is GRANTED WITH LEAVE TO AMEND as to the first, second, and third causes of action.

(2) The motion is GRANTED WITHOUT LEAVE TO AMEND as to the fourth cause of action based on negligence.

(3) Any amended complaint shall be filed **within twenty-one (21) days** of the date of this order.

(4) Leave to amend is limited only to the first, second, and third causes of action—Seitzinger may not add new claims or parties without express leave of the Court.

**IT IS SO ORDERED.**

Dated: April 30, 2018

_____
BETH LABSON FREEMAN
United States District Judge